UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CR275 CDP |
| | ) | |
| ROBERT W. SISK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Defendant Robert W. Sisk filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), seeking to benefit from retroactive Sentencing Guidelines Amendment 782, which reduced the guidelines range for many drug offenses. The Probation Office filed a report indicating that Sisk was not eligible for a reduction because the sentence he originally received was a variance from the guidelines and was below his new guidelines range. The government opposes the motion for reduction for the same reason. I agree that Sisk is not eligible for a reduction in sentence because his sentence is below the new guidelines range, so I will deny his motion.

## Discussion

Absent statutory authority, the Court cannot reduce a final sentence. Section 3582(c)(2) of Title 18 provides authority for the court to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . ." In Amendment 782 the United States Sentencing Commission lowered many drug sentencing ranges. The Sentencing Commission determined that the reduction should apply retroactively, and added Amendment 782 to the list of retroactive amendments in U.S.S.G. § 1B1.10(d). Thus, many defendants previously sentenced for drug crimes are eligible for reduced sentences.

If a defendant originally received a variance below the guidelines range that is lower than the new guidelines range, however, he is not eligible for a reduction under Amendment 782. U.S.S.G. § 1B1.10(b)(2)(A) prohibits reducing a sentence in this situation: " . . . the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guidelines range . . ." Sisk falls into this category.

Sisk pleaded guilty to conspiracy to possess pseudoephedrine knowing and having reasonable cause to believe it would be used to manufacture methamphetamine. Although his original guidelines range was 151 to 188 months,

I varied from the guidelines and sentenced him to 84 months imprisonment. Under Amendment 782, his new guidelines range is 130 to 162 months. His original sentence of 84 months is therefore below the new guidelines range.

Sisk argues that I should vary from the new guidelines range for the same reason I varied before, but the law does not allow me to do that. Even though Amendment 782 lowered the applicable guidelines range applicable to Sisk, I cannot reduce his sentence, because the sentence he received originally is below the amended guidelines range.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motions to reduce his sentence [#99, 102] are denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 21st day of August, 2015.